IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ALLEN E. AMBURN | § | |
| v. | § | CIVIL ACTION NO. 6:07cv222 |
| DIRECTOR, TDCJ-CID | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Petitioner Allen Amburn, proceeding *pro se*, filed this application for the writ of habeas corpus complaining of the legality of his confinement. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

The Magistrate Judge reviewed the petition and observed that this is the second federal habeas corpus petition which Amburn has filed regarding this same conviction. *See* Amburn v. Director, TDCJ-CID, docket no. 6:02cv102 (E.D.Tex., dismissed June 18, 2002, appeal dismissed August 27, 2002).

Consequently, the Magistrate Judge issued a Report on May 25, 2007, recommending that the petition be denied. 28 U.S.C. §2254(b)(3) provides that before a second or successive application for the writ of habeas corpus may be filed in the district court, the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. In the present case, the Magistrate Judge said, Amburn made no showing that he had even sought such leave from the Fifth Circuit, much less that he had received an order from the Fifth Circuit authorizing the district court to consider the present application. The Magistrate Judge stated that in Crone v. Cockrell, 324 F.3d 833, 838 (5th Cir. 2003), the Fifth Circuit held that the district

court lacks jurisdiction to consider a second or successive habeas application filed without permission from the appellate court. For these reasons, the Magistrate Judge concluded that Amburn's petition should be dismissed without prejudice, and that Amburn could refile it at such time as he received permission from the Fifth Circuit to do so.

Amburn received a copy of the Magistrate Judge's Report on June 6, 2007, but filed no objections thereto; accordingly, he is barred from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. Douglass v. United Services Automobile Association, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

The Court has examined the Report of the Magistrate Judge and the pleadings in the cause, and has concluded that the Report of the Magistrate Judge is correct. It is accordingly

ORDERED that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED without prejudice, with its refiling conditioned upon Amburn's receiving permission from the Fifth Circuit Court of Appeals to file a successive petition. It is further

ORDERED that any and all other motions which may be pending in this cause are hereby DENIED.

**So ORDERED and SIGNED this 25th day of June, 2007.**



_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**